Morris J. LIPP

v.

NATIONAL SCREEN SERVICE CORPORATION.

Harry VOGELSTEIN

v.

NATIONAL SCREEN SERVICE CORPORATION.

Charles LAWLOR and Mitchell Pantzer

v.

NATIONAL SCREEN SERVICE CORPORATION.

Civ. A. Nos. 11136, 11678, 22707.

United States District Court
E. D. Pennsylvania.

May 31, 1961.

Francis T. Anderson, Philadelphia, Pa., of counsel, for plaintiffs.

Louis Nizer and Walter S. Beck, New York City, for Nat'l Screen Service Corp.

Phillips, Nizer, Benjamin, Krim & Ballow, New York City, of counsel.

KRAFT, District Judge.

On April 5, 1961 the plaintiff, Lipp, filed a motion for preliminary injunction to restrain National Screen Service Corporation "from making any change in the status quo particularly with respect to the availability of plaintiff's supplies of motion picture posters prior to the rendition of a decision on plaintiffs' appeal to the United States Court of Appeals for the Third Circuit."

On May 9, 1961, the plaintiff, Vogelstein, and the plaintiffs, Lawlor and Pantzer, filed like motions seeking the same preliminary injunction sought by the plaintiff, Lipp.

After filing their respective motions with the Clerk of this Court, the plaintiffs made no application for hearing on the motions until late in the afternoon of Friday, May 19, 1961 when, upon application, orders were entered fixing May 23, 1961, at 2:00 P.M., as the time for hearing on the motions for preliminary injunction. However, on May 2, 1961, the United States Court of Appeals for the Third Circuit filed its opinion and order affirming the judgment of the District Court entering judgment for the defendants. 290 F.2d 321. Upon the hearing on the motions for preliminary injunction it appeared that the respective records had not been remitted from the Court of Appeals to the District Court and, upon inquiry, plaintiffs' counsel advised the Court that he had filed a petition for re-hearing in the Court of Appeals. Counsel then stipulated the waiver of any defect arising from the conduct of a hearing on the motions for preliminary injunction while the records were before the Court of Appeals and stipulated further that the District Court had jurisdiction to proceed with the hearing on the pending motions for preliminary injunction. Counsel also stipulated that the findings of fact in the Lawlor action [1] were before this Court for consideration on the present motions.

Counsel have now advised this Court that the Court of Appeals, on May 25, 1961, entered an order denying plaintiffs' petitions for re-hearing. From the evidence adduced upon the hearing, the Court finds that each of the plaintiffs has for a long time been, and still is, a "poster-renter" i. e., a jobber who rents

1. Affirmed 3 Cir., 270 F.2d 146.

to motion picture exhibitors standard advertising accessories such as "posters". National Screen Service Corporation (hereinafter called "National Screen") has been manufacturing and distributing such standard advertising accessories for the major motion picture producers, except Columbia, under non-exclusive licenses since 1952. Each of the plaintiffs has been free, at least since 1957, to apply to the respective motion picture producers for a similar non-exclusive license to manufacture and distribute such accessories but none of the plaintiffs have done so, despite the receipt of notice from National Screen in February 1961 that National Screen would cease making its accessories available to the plaintiffs after May 15, 1961. The plaintiffs are in active competition with National Screen in the leasing of the accessories to motion picture exhibitors and plaintiffs insist that they have the right to compel National Screen to continue to supply them, the jobbers, with such accessories to enable them to continue their competition with National Screen in the rental field. National Screen contends that the jobbers incur none of the risks entailed in the manufacturing and distribution of the accessories and that it has no obligation to continue to supply its products to those with whom it competes for rentals to exhibitors. Plaintiffs' motions allege that National Screen has a profit sharing license agreement with all motion picture producers and distributors, except Columbia, but the only evidence offered in support of that averment is that the licensing agreements contain provisions by which National Screen pays certain royalties to the respective producers or distributors which plaintiffs would also be required to pay if they procured licenses to manufacture and distribute accessories.

Plaintiffs contend that they will be forced to discontinue their respective businesses unless National Screen is compelled to supply them with posters. However unfortunate this result may be, the plaintiffs have failed to show upon this hearing any basis for the entry of the preliminary injunctions prayed for. "The equity court's power to issue an interlocutory injunction 'which compels the defendant, in order to obey it, to take affirmative action should be sparingly exercised'." Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, 3 Cir., 268 F.2d 569, 574.

Accordingly, we enter the following

### ORDER

NOW, May 31, 1961, the motion of Morris J. Lipp for preliminary injunction is denied.

The motion of Harry Vogelstein for preliminary injunction is denied.

The motion of Charles Lawlor and Mitchell Pantzer for preliminary injunction is denied.

